UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Andrew Shackett,

Plaintiff,

vs.

CraftWorks Restaurants & Breweries Group, Inc.,

Defendant.

Court File No.

**ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO THE FIRST AMENDED COMPLAINT**

---

Defendant CraftWorks Restaurants & Breweries Group, Inc. (hereinafter referred to as "Defendant" or "CraftWorks") as and for its Answer and Affirmative and Additional Defenses to the Complaint of Plaintiff, Andrew Shackett, ("Plaintiff" or "Shackett") states and alleges as follows:

**PARTIES**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint, and therefore denies the same.

2. Defendant admits that, at certain times, Plaintiff was worked at its Old Chicago restaurant in located in Roseville, Minnesota in Ramsey County. Defendant denies all remaining allegations contained in Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. Defendant admits that Plaintiff purports to bring this action pursuant to Section 107 of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (hereinafter the "FMLA"), but denies any legal wrongdoing, or that Plaintiff is entitled to any relief

whatsoever. Defendant denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits that it transacts business in Minnesota, denies that there is a basis for this action, and states that Plaintiff's allegations regarding venue call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies this and all remaining allegations contained Paragraph 4 of the Complaint.

**FACTS**

5. Defendant admits it employed Plaintiff as an Assistant Manager from on or about January 1, 2013 through on or about July 27, 2014 at Old Chicago in Roseville, Minnesota. Defendant denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that Plaintiff discussed his need for FMLA leave with Area Director Luke Dunham and General Manager Tony Bullock in or around February 2014. Defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 regarding the adoption, and therefore denies the same. Defendant denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint, and therefore denies the same.

9. Defendant admits that Plaintiff provided written notice of his request for FMLA leave for the adoption of his son. To the extent Paragraph 9 references a document, that document speaks for itself.

10. Defendant admits that Plaintiff submitted FMLA paperwork and that Plaintiff went on leave from on or about May 19, 2014 through on or about June 23, 2014. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 regarding labor or the birth of Plaintiff's child, and therefore denies the same. To the extent that Paragraph 10 references a document, that document speaks for itself. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits that it staffed employee Steve Vargas to cover the bar manager duties during Plaintiff's leave. Defendant denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits that (i) it staffed employee Steve Vargas to cover the bar manager duties during Plaintiff's leave; and (ii) upon Plaintiff's return, it promptly transitioned the bar manager duties back to Plaintiff. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits that (i) Plaintiff talked to Luke Dunham about returning to bar manager duties and contacted Human Resources regarding the same; and

(ii) Defendant promptly returned Plaintiff to bar manager duties by the following day. Defendant denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits that (i) Plaintiff was working as the bar manager on July 22, 2014, in which role he was responsible for closing the restaurant; (ii) on that evening, Plaintiff violated company policy by closing the restaurant and leaving early; and (iii) Travis Van Dell, at Plaintiff's instruction, spoke to the customers. Defendant denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits that (i) the customers who were turned away due to Plaintiff's violation of company policy lodged a guest complaint with Defendant; (ii) Defendant discussed this complaint with Plaintiff; and (iii) Plaintiff admitted to closing the restaurant early. To the extent Paragraph 16 references a written document, that document speaks for itself. Defendant denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits that, on July 27, 2014, Luke Dunham and Tony Bullock talked to Plaintiff about closing the restaurant early and terminated his employment. Defendant denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

## CLAIMS:

## COUNT I

## VIOLATIONS OF THE FAMLY AND MEDICAL LEAVE ACT

Defendant restates its responses to the allegations contained in Paragraphs 1 through 18 of the Complaint as if fully set forth herein.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

## PRAYER FOR RELIEF

Plaintiff's PRAYER FOR RELIEF and WHEREFORE provision, and each of its subparts, contain allegations to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever, and further denies that it has committed any unlawful or wrongful act with respect to Plaintiff.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

24. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

25. To the extent Plaintiff has failed to institute this action within the time required under the applicable statute of limitations, his claims for relief are barred.

26. At all times relevant to this action, Defendant has acted in good faith and had reasonable grounds to believe its conduct was in compliance with the FMLA and all other statutes and laws.

27. All employment decisions by Defendant were made in good faith for legitimate business reasons and were not based upon retaliatory animus or other unlawful factors.

28. Plaintiff's claims are barred, in whole or in part, by his failure to mitigate his alleged damages.

29. To the extent that Plaintiff has sustained any injury or damages as alleged in the Complaint or otherwise, which Defendant denies, such injury or damage was caused by Plaintiff's own conduct or the conduct of third parties over whom Frontier had no control.

30. To the extent any alleged intentional retaliatory conduct was committed by Defendant's agents (which Defendant denies), said conduct was outside the scope of the agent's authority and contrary to Defendant's good faith efforts to comply with federal law.

31. Plaintiff's claims are barred in whole or in part by the equitable defenses of laches, waiver, ratification, estoppel, and/or unclean hands.

32. Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

33. Plaintiff's claims should be dismissed to the extent that he failed to provide proper notice of his entitlement to protected leave, failed to provide proper certification, and/or was not entitled to or eligible for leave or other benefits under the FMLA or any other statute or law.

34. Pending the conclusion of further discovery and investigation, Defendant respectfully reserves the right to add such further or supplemental defenses as may be warranted by the information developed through discovery and proper to the full defense of this litigation.

**WHEREFORE**, Defendant respectfully requests the Court grant the following relief:

1. Judgment be entered dismissing Plaintiff's Complaint on the merits and with prejudice;

2. Awarding Defendant its attorneys' fees, costs, and disbursements, as appropriate; and

3. Directing such other relief as the Court deems just and equitable.

*[Signature Block On Following Page]*

Date: December 2, 2014

*s/ Stephanie M. Laws*

Holly M. Robbins (#260381)
hrobbins@littler.com
Stephanie Marie Laws (#00396174)
smlaws@littler.com
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN 55402.2136
Telephone: 612.630.1000

**ATTORNEYS FOR DEFENDANT CRAFTWORKS RESTAURANTS & BREWERIES GROUP, INC.**